## CIRCUIT COURT OF ROANOKE COUNTY

In re Custody of
Gregory Kent Forrest

### July 27, 1970

## By JUDGE F. L. HOBACK

This case is before the Court on an appeal from the decision rendered in the Juvenile and Domestic Relations Court on August 6, 1969. In this Order the custody of Gregory Kent Forrest was awarded to Winford E. Lester and Hattie M. Lester, the maternal grandparents, and the petition of Vernon B. Forrest, the father of the child, for custody was denied.

The record in this case reveals that full hearings were held before the Juvenile and Domestic Relations Court, investigations made by the Probation Officers, authorities furnished by Counsel, and the Juvenile and Domestic Relations Court in the written Order of August 6, 1969, concluded that the best interests of the child would be the awarding of the custody to the maternal grandparents.

After this decision was appealed, this Court likewise heard the evidence of the parties ore tenus on February 4, 1969, concluded that the best interests of the child would be the awarding of the custody to the maternal grandparents.

After this decision was appealed, this Court likewise heard the evidence of the parties ore tenus on February 4, 1970, there being present at the request of the Court Norman R. Moore, an attorney practicing at the bar of this Court, to serve as Guardian ad Litem, to represent the child in question. In this hearing it was disclosed that the father, Vernon B. Forrest, had remarried a short time before the hearing and was now living with his new wife and two of her children by a prior marriage.

At the request of this Court, Counsel have filed herein briefs in support of their positions, and the facts are set out at length in the Memorandum furnished by Counsel for the Grandparents and filed herein on March 26, 1970. The reply Memorandum furnished by Counsel for the father was filed herein on June 4, 1970. These able briefs set out the points of law involved, and this Court will not reiterate what was contained in said briefs.

In the opinion of the Court, Section 31-15 of the 1950 Code of Virginia, as amended, is applicable in this case, and while the caption of the section is "Custody when parents are separated," the section likewise provides:

> In such case or in any other case in which the parents are living apart, whether partially or absolutely divorced or not, the court or judge or any court of competent jurisdiction, in awarding the custody of the child to either parent or to some other person, shall give primary consideration to the welfare of the child, and as between the parents there shall be no presumption of law in favor of either.

In the divorce decree of *Naomi D. Forrest v. Vernon D. Forrest* entered by the Circuit Court for the County of York on May 2, 1967, the problem of custody of the child in question was then before the Court, and the custody of the infant child was awarded to the mother, and, as pointed out in the evidence, and in the briefs filed herein, no effort was ever made by the father to regain custody during the lifetime of the mother. In fact, his visitations prior to this time have been infrequent, and the child was not only born at the home of the maternal grandparents, but has always resided with them.

> There is a strong presumption that the best interests and welfare of a child will be best subserved by placing it in the custody of its natural parents, or of the surviving parent. The showing of such relationship, in the absence of anything more, makes out a prima facie case for the parents, and the burden of showing the existence of circumstances which

would deprive the parents of the right to custody is on the person opposing the parents' right. In any such contest, the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute. This is true whether the rights of the parent are sought to be denied because it is claimed that they have been voluntarily relinquished or because the parent is unfit. In either case, the burden is upon the one seeking to sever the parents' right to show such relinquishment or unfitness by clear and convincing proof. *See Parent and Child*, 14 M.J. 1968, supplement, page 27, and authorities there cited.

In the opinion of the Court the maternal grandparents have borne this burden, and especially is this true considering the remarriage of the father, the fact that his new wife has teenage children, all of whom are strangers to the child in question, and also considering the fact that the child has always lived with the maternal grandparents, and, quite naturally, desires to remain with them.

In the case of *Forbes v. Haney*, 204 Va. 712 (1963), the custody of a child was awarded to the maternal grandparents. Judge Whittle, in the Opinion of the Court, stated at page 716 of 204 Va.:

In awarding custody of a child the trial court necessarily has a wide measure of discretion, in the exercise of which the paramount and controlling factor is the welfare of the child. *Lawson v. Lawson*, 198 Va. 403, 408; 94 S.E.2d 215, 218, 14 Michie's Jur. 88, p. 92.

Certainly it is true that the legal rights of the parent should be respected in custody proceedings, they being founded in nature and wisdom, but the welfare of the child is to be regarded more highly than the technical legal rights of the parent. Where the interest of the child demands it, the rights of the father and mother may be disregarded. *Hayes v. Strauss*, 151 Va. 136, 144 S.E. 432.

In many instances, as in the case now before us, the decision of the court as to who shall have custody of children is limited by fate. The choices, as in this case, are ofttimes restricted, leaving the chancellor to do the best he can under the circumstances presented. We have said that: "The awarding of the care and custody of children involves a most perplexing question. It is indeed rare when a court can be positive at the time, that its award will prove to be for the best interests of the child, which is the paramount question. The uncertainty involved is the reason for Section 20-107 Code of Va. of 1950 which empowers the court to alter or change the custody of children, viewed in the light of subsequent events. Relief under this Statute remains within the court's jurisdiction throughout the infancy of the child involved and affords a degree of comfort to a court having the heavy responsibility of determining custody." *Andrews v. Geyer,* 200 Va. 107, 111, 112, 104 S.E.2d 747, 750, 751.

It is quite true that the pending custody litigation is not pursuant to Section 20-107, which deals with custody in divorce cases, but the principles enunciated by the Court are pertinent and applicable to the instant problem.

In the recent case of *Falco v. Grills,* 209 Va. 115 (1968), the Court again held that the welfare of the infant is the primary, paramount and controlling consideration of the Court in all controversies over the custody of children. See also *Hall v. Hall,* 210 Va. 668 (1970), wherein the Court again reiterated:

that in determining the question of the welfare of the children whose custody is in issue between the parents, consideration should be given to the fitness of each parent as to age, adaptability to the task of caring for the children, ability to control and direct them, and the ages, sex and health of the children, their temporal and moral well-being, as well as the environment and circumstances in the proposed home, and

influences likely to be exerted upon the children. (Citing cases.)

The wishes of the children, if they are of the age of discretion, should also be considered and given weight, although their wishes are not conclusive. (Citing cases).

As pointed out in the brief filed herein on behalf of the maternal grandparents, the father, who is now seeking custody of his child, has not seen the child very often, nor has the child visited for any length of time with the father. The child is also a complete stranger to his father's new wife and her teenage children with whom, the evidence reveals, the child would now have to share a room and reside in their home. This home is in a different section of the State, and apparently would constitute a completely different environment.

Under all of the circumstances and considering the best interests and welfare of the infant child, this Court adheres to the views set forth in the brief and arguments of counsel for the maternal grandparents, and is also of the opinion that the decision of the Juvenile and Domestic Relations Court is correct and should be affirmed. Especially is this true when considered in the light of developments which have occurred since the opinion and decision of the Juvenile and Domestic Relations Court was rendered, as the petitioning father has remarried and is now occupying a different one from the one considered by the Juvenile and Domestic Relations Court, and which changed conditions and circumstances strengthened the decision rather than altered it. The Guardian ad Litem also recommends that custody remain with the grandparents.

An appropriate Decree may be prepared by Counsel for the maternal grandparents denying the petition of the father, Vernon B. Forrest, for custody of the child and awarding custody to the maternal grandparents, Winford H. Lester and Hattie M. Lester.